UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------

PATRICIA MORSE,

        Appellant,

    -v-                                                           6:18-CV-940

ESTATE OF ALBERTA M.
ROSSI, by and through Robert
Rossi, Executor,

        Appellee.

------------------------------------

APPEARANCES:                                      OF COUNSEL:

OFFICE OF DAVID G. GOLDBAS          DAVID G. GOLDBAS, ESQ.
Attorneys for Appellant
185 Genesee Street, Suite 905
Utica, NY 13501

CENTOLELLA LYNN D'ELIA & TEMES LLC    DAVID C. TEMES, ESQ.
Attorneys for Appellee
AXA Tower 1, Suite 1905
100 Madison Street
Syracuse, NY 13202

DAVID N. HURD
United States District Judge

# DECISION and ORDER

On August 9, 2018, appellant Patricia Morse ("Morse"), a chapter 7 bankruptcy debtor, noticed an appeal from a July 26, 2018 Memorandum-Decision and Order (the "Order") issued by United States Bankruptcy Judge Diane Davis. As relevant here, the Order granted in part and denied in part a motion to dismiss that Morse filed in a bankruptcy court adversary proceeding initiated by appellee Estate of Alberta M. Rossi (the "Estate").

On April 17, 2019, because the Order did not appear to be the kind of "final" judgment, order, or decree that a party may appeal to the district court as of right, *see* 28 U.S.C. § 158(a)(1), this Court directed Morse to explain the jurisdictional basis for her appeal.

On April 24, 2019, Morse filed a "jurisdictional statement" in which she acknowledged that the Order issued by the bankruptcy court is in fact non-final. However, Morse argued that the district court should exercise discretionary jurisdiction under 28 U.S.C. § 158(a)(3), which permits an immediate appeal from a bankruptcy court's interlocutory order "with leave of the court."

Upon review, this request will be denied. It is true, as Morse points out, that a district court enjoys discretion under § 158(a)(3) to entertain an appeal from an interlocutory order entered by the bankruptcy court. *See, e.g.*, *Yerushalmi v. Shibolelth*, 405 B.R. 44 (Bankr. E.D.N.Y. 2009).

The procedurally appropriate way for a party to go about perfecting such an appeal is to accompany its notice of appeal with a motion for leave to appeal. FED. R. BANKR. P. 8004(a)(2). As Rule 8004 sets forth in explicit detail:

> A motion for leave to appeal under 28 U.S.C. § 158(a)(3) must include the following:
>
> (A) the facts necessary to understand the question presented;
>
> (B) the question itself;
>
> (C) the relief sought;
>
> (D) the reasons why leave to appeal should be granted; and
>
> (E) a copy of the interlocutory order or decree and any related opinion or memorandum.

FED. R. BANKR. P. 8004(b)(1).

Where, as here, the appellant does not file the motion for leave required by Rule 8004, the party's failure does not pose a jurisdictional obstacle. Instead, a district court facing that scenario may "order the appellant to file a motion for leave, or treat the notice of appeal as a motion for leave and either grant or deny it." FED. R. BANKR. P. 8004(d).

For present purposes, the Court will construe Morse's notice of appeal and her supplemental jurisdictional statement together as a motion for leave to appeal.

"Although section 158 and the Bankruptcy Rules describe the right to appeal from an interlocutory order and the procedure for doing so, neither provides guidelines for determining whether a district court should grant leave to appeal in a particular case." *In re Segal*, 557 B.R. 46, 51 (E.D.N.Y. 2016) (citation omitted).

Morse's supplemental memorandum contends that 28 U.S.C. § 1292(b), the provision governing interlocutory appeals from the district courts, provides the appropriate rubric for determining whether an appellant's motion for leave to appeal from an interlocutory order of the bankruptcy court should be granted under § 158(a)(3).

Other courts considering the same question have expressed agreement with Morse's position on this score. *In re Segal*, 557 B.R. at 51; *Yerushalmi*, 405 B.R. at 47. Accordingly, the standard governing § 1292(b) requests will be applied here.

Section 1292(b) vests the district court with discretion to certify an order in a civil action for immediate appeal if (1) it "involves a controlling question of law" (2) "as to which there is substantial ground for difference of opinion" and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

"[T]he proponents of an interlocutory appeal have the burden of showing that all three of the substantive criteria are met." *Ward v. Stewart*, 284 F. Supp. 3d 223, 228 (N.D.N.Y.

2018) (quoting *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 529 (S.D.N.Y. 2014)). "However, even where the three legislative criteria of [§ 1292(b)] appear to be met, district courts retain unfettered discretion to deny certification if other factors counsel against it." *Id*. "As courts have repeatedly observed, § 1292(b) was not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation or to be a vehicle to provide early review of difficult rulings in hard cases." *Id*.

Morse filed bankruptcy after losing a state court lawsuit to her mother, Alberta M. Rossi ("Rossi"), who is now deceased. Beginning in 2003, Rossi regularly transferred ownership of certain financial accounts in her own name to joint accounts in the name of herself and her daughter. From those accounts, Morse transferred money to accounts in her own name. Over the years, some of the funds originating from Rossi were co-mingled with Morse's own. After a decade or so, the relationship between Morse and Rossi fell apart.

In 2012, Rossi sued Morse in Supreme Court, Oneida County, seeking to recover the funds that she had shared with Morse over the years. According to Rossi, she entrusted Morse with the funds only for her to use in connection with Rossi's care, benefit, and enjoyment. Morse defended against the suit by claiming Rossi had gifted the funds to her.

Following a bench trial, the state supreme court found in Rossi's favor, imposed a constructive trust on the funds at issue, and, after an accounting, granted Rossi possession of certain financial accounts. Morse appealed but the Appellate Division rejected her arguments and affirmed. *Rossi v. Morse*, 153 A.D.3d 1637 (N.Y. App. Div. 4th Dep't 2017).

On October 4, 2017, less than a week after she lost the state court appeal, Morse filed her chapter 7 petition for bankruptcy. Thereafter, the Estate initiated an adversary proceeding in the bankruptcy court seeking to except from discharge the money judgment it

won in state court. Morse moved to dismiss the Estate's adversary complaint. After full briefing, the bankruptcy court granted in part and denied in part Morse's motion.

As relevant here, the Order permitted the Estate to replead its complaint to assert a claim that the debt should be excepted from discharge for "embezzlement" under 11 U.S.C. § 523(a)(4). The Order also permitted the Estate's complaint to go forward under § 523(a)(6), which excepts from discharge a debt on the basis of "willful and malicious injury by the debtor to another entity or to the property of another entity."

Morse contends this Order is immediately appealable because "settled federal law" requires that "a debt founded on a state law constructive trust, without more, must be discharged." The problem for Morse is that the bankruptcy court concluded that the Estate sufficiently pleaded "something more":

> The Court finds that [the Estate] has sufficiently pleaded facts that would allow the Court to reasonably infer that [Morse's] acts or conduct caused a willful injury to [the Estate], by depriving Rossi of $404,634.52 during her lifetime after the parties' mother-daughter relationship deteriorated with the specific intent of depriving Rossi of the monies and converting them to her own exclusive use. This resulted in a loss to Rossi, which is now suffered by [the Estate]. The Court further finds that [the Estate] has pleaded facts that would allow the Court to reasonably infer that the injury caused by [Morse] was malicious. Accordingly, the Court denies [Morse's] Motion as to Count Three of the Complaint [under § 523(a)(6)].

This conclusion by the bankruptcy court appears to offer the Estate the prospect of the relief it seeks (*i.e.*, an exception from discharge) regardless of the precise interplay between bankruptcy law and a constructive trust created by an adverse state court judgment.[1] More

---

[1] The cases cited by Morse in support of this proposition seem to involve a bankruptcy court's own decision to impose a constructive trust. Morse's motion for leave to appeal makes much of the fact that the Estate is succeeding to the claims of a decedent. But the bankruptcy court's Order focused on Morse's intent, not Rossi's.

- 5 -

importantly for present purposes, it means that Morse's appeal does not present the pure question of law she claims and therefore entertaining an interlocutory appeal would be inappropriate. Accordingly, Morse's motion for leave will be denied.

Therefore, it is

ORDERED that

1. Appellant's motion for leave to appeal is DENIED; and

2. The appeal is DISMISSED.

The Clerk of the Court is directed to close the file.

IT IS SO ORDERED.

Dated: April 29, 2019
Utica, New York.

United States District Judge